Judgment accordingly.

[Onondaga General Term, October 2, 1860. *Allen, Mullin* and *Morgan,* Justices.]

---

## Henry F. Briggs and others *vs.* The North British Mercantile Insurance Company.

A policy of insurance against fire contained a provision that the insurers should not be liable "for a loss caused by lightning, or explosions of any kind, unless fire ensues, and then for the loss or damage by fire only." The insured carried on the business of rectifying spirits, in the building described in the policy. While the works were in operation, the vapor generated did not properly condense, in the worm, by reason of a scarcity of water in it, but passed from the worm into the building, where it came in contact with a lighted lamp. An instantaneous explosion ensued, which blew off the roof, and blew down the chief part of the walls, of the building. Soon after, a fire occurred, from the flames coming in contact with the spirits

in the rear of the building. Evidence was given, tending to show the amount of injury done by the burning, alone, and the injury done by the violence of the explosion, alone. The jury, besides a general verdict for the insured, found those separate sums. The court instructed the jury that the plaintiffs were entitled to recover for the entire injury to the property insured; whether such injury was done by the burning, or by the force or violence of the explosion. The defendant excepted to the instruction that the plaintiffs were entitled to recover for the injury arising from the force or violence of the explosion. *Held* that the instruction excepted to was erroneous; the defendant not being liable for that portion of the loss or damage.

MOTION by the defendant for a new trial on exceptions taken at the Erie circuit, and ordered to be heard at General Term.

*John Ganson*, for the defendant.

*T. C. Corlett*, for the plaintiffs.

*By the Court*, TALCOTT, J. This is an action on a policy of fire insurance. The policy contains a provision that the defendant shall not be liable "for a loss caused by lightning, or explosions of any kind unless fire ensues, and then for the loss or damage by fire only." The plaintiff carried on the business of rectifying spirits in the building described in the policy. According to the case, the plaintiffs proved on the trial "That the spirits they were engaged in rectifying were put into receiving tubs and transmitted thence by tubes into a copper still, where they were heated by steam coming from the boiler, and the vapor thereby generated passed from the still up through a copper column and thence by connections was passed into and through a worm for condensation, and thence it would pass into receivers. That in case the cold water was insufficient to cover the worm, the vapor would not condense but would pass off in the shape of vapor into the building. That on the morning of the 26th day of November, 1870, while the works were in operation, the vapor generated did not

properly condense in the worm, by reason of the scarcity of water about it, but passed from the worm into the building. This vapor, when mixed with air, if it comes in contact with fire, is inflammable ; and when the quantity is considerable its ignition causes a sudden expansion of the air, and this causes the explosion. There was a small lamp in the building, which was brought there by some mechanics who were examining and repairing the machinery. It was lighted and standing on a raised platform, near the rectifying tubs near the rear of the building As the vapor which escaped as aforesaid filled the room and descended it came in contact with this lamp, and there was an instantaneous explosion. The explosion blew off the roof, and blew down the chief part of the walls of the building and injured the copper still and column, and worm, and some of the rectifyers. Soon after the explosion a fire ensued from the flame coming in contact with the spirits in rear of the building." Such is the account which the case gives of the accident as proved by the plaintiffs. Evidence was given on the trial tending to show the amount of injury done by the burning alone, and the injury done by the violence of the explosion alone ; and the jury, besides their general verdict for the plaintiffs, have found these separate sums. On the trial the plaintiffs claimed to recover for the whole injury sustained, on the ground that the whole loss was occasioned by fire, within the meaning of the policy, and that the exception in the policy relative to explosion applied only to cases where the fire was originated by the explosion. The defendant claimed that the exception referred to excepted it from liability for injury done by the explosion. That it was liable only in case fire ensued, and then its liability was limited to the injury done by the fire. The court instructed the jury that the plaintiffs were entitled to recover for the entire injury done to the property insured, whether such injury was done by the burning

or by the force or violence of the explosion. The defendant excepted to the instruction that the plaintiffs were entitled to recover for the injury arising from the force or violence of the explosion.

The whole question discussed on this motion for a new trial is embraced in the exception referred to. Here was an explosion, as the case states, and as the court assumed, and the jury has found. This explosion, by its mechanical force, effected the greater part of the injury which the plaintiffs sustained on the occasion alluded to, and a conflagration, as another and distinct process, ensued upon and was caused by the explosion. The court is not to make a contract for these parties, but to enforce it as made by the parties themselves, seeking for its meaning in the language they have used. It is difficult to see how any doubt can exist as to the interpretation which must be put upon it. The particular provision in question, divested of all context not necessary to the full understanding of the language, is: "The company shall not be liable for loss caused by explosions of any kind." The fact that an appreciable portion of the damages were occasioned by the direct, mechanical force of the explosion, would seem to be all that is necessary to be stated to show that the instruction excepted to was erroneous. The fallacy of the ingenious argument of the counsel for the plaintiffs is, that it interpolates in the contract an exception which the parties have not incorporated. He undertakes to show, and it may be assumed succeeds in showing, that the whole loss would, under the general terms of the policy, have been a loss by fire for which the company would have been liable, but for this exception, as in the case of an explosion of gunpowder, (*Waters* v. *The Merchants' Louisville Ins. Co.*, 11 *Peters*, 213,) and he claims that the exception referred to must be confined "to the bursting of boilers, and other explosions caused

by chemical and other causes than ignition." This exception is "explosions of any kind." And the argument of the counsel for the plaintiffs requires us to add the words, "unless such explosion shall have been produced by fire," or its equivalent. This materially changes the contract of the parties. The only occasion for the introduction of such a stipulation is to protect the defendant against explosions in some way due to, or caused or promoted by, fire. Against liability for an explosion not caused by, and having no connection with, fire, the defendant had no occasion to protect itself by express stipulation. And the argument that the defendant would, without this exception, have been liable for the injury caused by the mechanical force of the explosion, shows, not that such a stipulation does not exist, or is to be construed otherwise than according to the plain meaning of its language, but to furnish a sufficient reason for its introduction into the contract, and to indicate the particular risk which it was intended the assured should take upon themselves.

It is conceded by the defendant that it is liable for the loss occasioned by the conflagration which ensued and was occasioned by the explosion. This portion of the damage the jury has found amounted to the sum of $350, a *pro rata* amount of which (the loss being to be divided *pro rata* amongst several underwriters) the plaintiffs are entitled to recover. The case does not contain the precise information which would enable us to specify the exact sum for which the defendant in this case is liable. It is claimed in the points of the defendant that the precise *pro rata* proportion of this loss of $350, for which the defendant is liable, is $61.94, which we suppose does not include the interest.

A new trial must be granted, therefore, unless the plaintiffs shall stipulate to reduce their verdict from $791.66 to $61.94, with interest from the commencement

of the action.   In which case judgment is ordered for that sum, with costs; otherwise a new trial is ordered, costs to abide the event.

Judgment accordingly.